**ALD-229**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4189
_____

MAJED SUBH,
                                        Appellant
                              v.

WAL-MART STORES EAST LP
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 07-cv-00479)
District Judge:  Honorable Sue L. Robinson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 24, 2010
Before: SLOVITER, AMBRO and SMITH, Circuit Judges

(Opinion filed: July 8, 2010 )

_____

OPINION
_____

PER CURIAM

    Majed Subh appeals the District Court's order granting appellees' motion for

summary judgment.  For the reasons stated below, we will summarily affirm the District

1

Court's judgment.

The procedural history of this case and the details of Subh's claims are well known to the parties, set forth in the District Court's thorough opinion, and need not be discussed at length. Briefly, Subh alleged that during his employment at Wal-Mart as a photo technician, he was subject to yelling, inappropriate comments, and inappropriate behavior by coworkers, supervisors, and customers. He argued that the actions of his coworkers and supervisors were motivated by unlawful discrimination based on gender, race, and national origin. He also contended that the actions were in retaliation for his exercising his right to be free of discrimination. Wal-Mart filed a motion for summary judgment which the District Court granted. Subh filed a timely notice of appeal.[1]

We have jurisdiction under 28 U.S.C. § 1291. In his Report and Recommendation, which was adopted by the District Court, the Magistrate Judge thoroughly laid out Subh's allegations and the factual background of the case. We have little to add to his very complete analysis of Subh's discrimination claims.

We agree with the District Court that Subh failed to exhaust his claim of gender discrimination and sexual harassment. Moreover, we agree that these claims are without merit as Wal-Mart investigated his allegations and terminated the employment of the coworker he alleged had harassed him. As for Subh's claims of discrimination based on his

---

[1] After filing his complaint, Subh was represented by an attorney in the District Court. He is proceeding pro se on appeal.

race and national origin, the District Court correctly concluded that he did not make a prima facie case that the circumstances of the adverse employment actions give rise to an inference of discrimination. Moreover, he did not submit evidence that could establish that similarly-situated employees of other races and national origins were treated more favorably than he was. Despite his arguments to the contrary, it was his burden as plaintiff to identify comparable employees. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 258-59 (1981) ("McDonnell Douglas [Corp. v. Green, 411 U.S. 792 (1973)] teaches that it is the plaintiff's task to demonstrate that similarly situated employees were not treated equally."). The District Court correctly determined that Subh had not shown a hostile work environment or that the discipline he received was in retaliation for filing charges of discrimination. The record reflects that when Subh made complaints about alleged mistreatment by coworkers, Wal-Mart management reasonably investigated and responded to his concerns.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.

3